I conclude that the trial court properly entered the summary judgment for Diversey *Page 1249 
Corporation. Therefore, I respectfully dissent.
The admission of scientific evidence in federal courts had been governed by Frye v. United States, 293 F. 1013, 54 App.D.C. 46
(1923), until the United States Supreme Court rejected the "general acceptance" test of Frye for the admission of scientific evidence. Daubert v. Merrell Dow Pharmaceuticals, Inc.,509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Supreme Court reasoned that Rules 402 and 702, Fed.R.Evid., govern the admission of the evidence and that the "general acceptance" test of Frye is inconsistent with the Rules of Evidence. Id. The Supreme Court held:
 "Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), Whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue."
Id. at 592-93, 113 S.Ct. 2786 (footnotes omitted). The Supreme Court further held that the standard of review to be applied to "a trial court's decision to admit or exclude expert testimony under Daubert" is the abuse of discretion standard. GeneralElectric Co. v. Joiner, 522 U.S. 136, 118 S.Ct. 512, 515,139 L.Ed.2d 508 (1997).
Our supreme court has recognized the holding of Daubert. SeeTurner v. State, 706 So.2d 1134 (Ala. 1998); and Becton v. RhonePoulenc, Inc., 706 So.2d 1134 (Ala. 1997). I would apply the Daubert test to the Alabama Rules of Evidence because those rules were modeled on the Federal Rules of Evidence, which Daubert interpreted.
Cooper's expert witness testified that the silicate compounds found in the laundry materials to which she was exposed could have caused her medical problems. The expert further testified that in forming that opinion he relied on the results of research and studies conducted on medical problems resulting from silicone breast implants.
In Joiner, supra, the district court excluded expert testimony based on research showing that laboratory mice developed cancer after being injected with PCBs. Joiner had been exposed to PCBs over a period of several years and subsequently developed small cell lung cancer. The district court excluded Joiner's (the plaintiff) expert testimony; it found that evidence not sufficiently relevant or reliable, because the laboratory mice had been exposed to a much greater concentration of PCBs, the mice had developed an unrelated form of cancer, and no studies demonstrated that exposure to PCBs caused cancer in humans. The Supreme Court held that the district court had properly applied the Daubert test in excluding the expert testimony.
Similarly, I would hold that the trial court in this present case did not abuse its discretion in excluding the expert testimony. The expert witness had relied on research involving silicone breast implants (internal exposure to silicone), while Cooper had much less exposure to the silicate compounds and that exposure was external rather than internal. Further, the expert produced no studies showing that the silicate compounds caused similar medical problems in other persons. The trial court was within its discretion to exclude the evidence. Rules 104(a), 402, and 702, Ala. R. Evid.
THOMPSON, J., concurs. *Page 1250